**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DARIAN DEROSA,<br><br>                Plaintiff,<br><br>vs.<br><br>CAC FINANCIAL CORP,<br><br>                Defendant. | Docket No:2:16-cv-01472-LDW-SIL |

## DECLARATION OF DARIAN DEROSA

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge:

1. I am the Plaintiff in this action and reside in Suffolk County, New York. I have personal knowledge of the facts set forth in this Declaration, and would testify to them in a court of law if required to do so. I make this Declaration in support of my cross-motion for summary judgment and in opposition to Defendant's motion for summary judgment.

2. On an exact date I do not recall, but sometime around May 2010, I opened an 'R'Us MasterCard credit card account through Synchrony Bank for personal, family and household use.

3. I periodically received statements for the credit card. The statements would show the charges that I made for that period, if any, and the total account balance and minimum payment due for that period. The statements would also show any interest and fees accrued. The account accrued interest on any balances carried, and late fees on any late or missed payments, and other fees.

4. In 2014, I began to fall behind on payments owed and, as a result, the balance on the account increased each month due to interest and fees. I last used the account in late 2014.

5. At some time in August, 2015, I received a letter dated August 7, 2015, from CAC Financial Corp. ("the letter"), concerning the credit card. A true and accurate copy of the letter is annexed to hereto as **<u>Exhibit 1</u>.**" My attorneys have advised me that the Defendant alleges they also sent me a letter dated June 7, 2015. I have no record of receipt of that letter.

6. Synchrony Bank never notified me that my account was being sold, referred or otherwise transferred to CAC Financial Corp.

7. The letter set forth an "Amount" of $2863.52.

8. The letter did not state how the "Amount" was calculated, whether it included interest, late fees, or other fees, or whether such "Amount" was still subject to interest, late fees, and other fees as my balances on the credit card always were.

9. Because of this, I did not know whether the "Amount" stated was static, or whether it would increase due to the continued accumulation of interest, late fees, and other fees, as it always had in the past. I did not know whether if I paid the "Amount" the collector would leave me alone, or whether I would owe additional money for interest or fees accumulated after the date of the letter.

10. As previously stated, although I have no record of receipt of the letter dated June 7, 2015, that letter contains the same insufficiencies.

11. I was never advised by anyone that my credit card would no longer be subject to interest and fees, as it always had been, or that the terms of my credit card had been changed.

12. Annexed hereto as **<u>Exhibit 2</u>**" are the terms and conditions for my 'R'Us MasterCard credit card in effect at the time of my last use of the card in late 2014. My attorney

has advised me that he downloaded the document from the database of the United States Consumer Financial Protection Bureau.

Dated: Selden, New York
      December 19, 2016

                                                          Darian Derosa