UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

DARIAN DEROSA,

        Plaintiff,         Case No. 2:16-cv-01472-LDW-SIL

        v.

CAC FINANCIAL CORP,

        Defendant.

---------------------------------------------------------X

**PLAINTIFF'S STATEMENT PURSUANT TO LOCAL CIVIL RULE 56.1(b)
IN RESPONSE TO DEFENDANT'S STATEMENT OF
UNDISPUTED MATERIAL FACTS**

Plaintiff Darian Derosa ("Plaintiff"), by and through her undersigned attorneys, hereby submits the following pursuant to Local Civil Rule 56.1(b) in reply to the Statement of Undisputed Facts submitted by Defendant CAC Financial Corp. ("Defendant") in support of Defendant's Motion for Summary Judgment, and states as follows:

1. Defendant, CAC Financial Corp. ("Defendant" or "CAC") is in the business of attempting to collect financial obligations due to its clients by customers of its clients. (See Declaration of Heath Morgan at ¶ 3, attached as Exhibit A).

    **Response: Not Disputed.**

2. One of CAC's clients is Synchrony Bank. (Exhibit A at ¶ 4).

    **Response: Not Disputed.**

3. On June 7, 2015, CAC sent its initial dunning letter (the "Initial Letter") to Plaintiff, which indicates a balance of $2,863.52. (Exhibit A at ¶ 6; see also the Initial Letter, a copy of which is attached to Exhibit A as Exhibit 1).

> **Response: Disputed. Plaintiff denies that she ever received the June 7, 2015 letter (*See Derosa Decl.* at ¶ 5.) However, Plaintiff submits that her receipt, or not, of the June letter is immaterial as the June letter contains the same insufficiencies as the August letter. *Id.* ¶ at 10.**

4. On August 7, 2015, CAC sent a second letter to Plaintiff that indicates a balance amount of $2,863.52. (See Exhibit A at ¶¶ 7-8; see also Plaintiff's First Amended Complaint with the accompanying August 7, 2015 letter, Doc. 19, at ¶ 14).

> **Response: Not Disputed.**

5. On July 28, 2016, Plaintiff, Darian Derosa ("Plaintiff") filed a First Amended Complaint, wherein Plaintiff claims that CAC violated Section 1692e of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). (See Doc. 19 at ¶ 1).

> **Response: Not Disputed**.

6. Specifically, Plaintiff alleges that CAC violated Section 1692e by failing to "disclose whether Plaintiff's balance may increase due to interest and fees." (Doc. 19 at ¶ 33).

> **Response: Disputed as incomplete. In addition to the above, Plaintiff also alleges that the August letter violates the FDCPA because it is open to one or more reasonable interpretations concerning whether the "Amount" would continue to increase due to interest, late fees, and other fees (as it always had). *Dkt.* 19, at ¶¶ 23-32.**

7. CAC does not include an amount for "interest" or "fees" in letters it sends on Synchrony Bank accounts, as CAC does not seek "interest" nor "fees" from the accountholder. (See Exhibit "A" at ¶ 6).

**Response: Disputed. Defendant's collection letters, including the June 7 letter which Plaintiff has no record of receiving, did not state that interest, late fees and other fees were no longer accruing on Plaintiff's account, nor that the terms of Plaintiff's account had been changed.** *See Derosa Decl.* **at ¶¶ 8-9. Moreover, Defendant provides no proof that it was authorized to unilaterally change the terms of Plaintiff's credit card agreement so that interest and fees would not accrue.** *Id.* **at ¶¶ 11-12. Finally, as set forth in Plaintiff's Memorandum of Law, the affidavit of Defendant is incompetent concerning the practices of the underlying creditor.**

8. The amount sought in the Initial letter remained static and was not subject to change during the time CAC was collecting the debt. (See Exhibit "A" at ¶ 6).

**Response: Disputed. Defendant's collection letters, including the June 7 letter which Plaintiff has no record of receiving, did not state that interest, late fees and other fees were no longer accruing on Plaintiff's account, nor that the terms of Plaintiff's account had been changed.** *See Derosa Decl.* **at ¶¶ 8-9. Moreover, Defendant provides no proof that it was authorized to unilaterally change the terms of Plaintiff's credit card agreement so that interest and fees would not accrue.** *Id.* **at ¶¶ 11-12. Finally, as set forth in Plaintiff's Memorandum of Law, the affidavit of Defendant is incompetent concerning the practices of the underlying creditor.**

9. Accordingly, the amounts sought in the Initial Letter and in the August 7, 2015 letter, attached to Plaintiff's First Amended Complaint, remained static during the time CAC was collecting the debt. (Exhibit A at ¶¶ 6, 8).

**Response: Disputed.** Defendant's collection letters, including the June 7 letter which Plaintiff has no record of receiving, did not state that interest, late fees and other fees were no longer accruing on Plaintiff's account, nor that the terms of Plaintiff's account had been changed. *See Derosa Decl.* at ¶¶ 8-9. Moreover, Defendant provides no proof that it was authorized to unilaterally change the terms of Plaintiff's credit card agreement so that interest and fees would not accrue. *Id.* at ¶¶ 11-12. Finally, as set forth in Plaintiff's Memorandum of Law, the affidavit of Defendant is incompetent concerning the practices of the underlying creditor.

10. No interests or fees were or would have been added by CAC. (Exhibit A at ¶ 8).

    **Response: Disputed.** Defendant's collection letters, including the June 7 letter which Plaintiff has no record of receiving, did not state that interest, late fees and other fees were no longer accruing on Plaintiff's account, nor that the terms of Plaintiff's account had been changed. *See Derosa Decl.* at ¶¶ 8-9. Moreover, Defendant provides no proof that it was authorized to unilaterally change the terms of Plaintiff's credit card agreement so that interest and fees would not accrue. *Id.* at ¶¶ 11-12. Finally, as set forth in Plaintiff's Memorandum of Law, the affidavit of Defendant is incompetent concerning the practices of the underlying creditor.

Dated: Garden City, New York
      December 30, 2016

                                         **BARSHAY SANDERS, PLLC**

                                         _s/ David M. Barshay_
                                         David M. Barshay, Esquire (DB1790)
                                         100 Garden City Plaza, Suite 500
                                         Garden City, New York 11530

Telephone: (516) 203-7600  
Fax: (516) 706-5055  
*Attorneys for Plaintiff*  
*Dbarshay@barshaysanders.com*