## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARIAN DEROSA,<br><br>Plaintiff,<br><br>vs.<br><br>CAC FINANCIAL CORP,<br><br>Defendant. | Case No.: 2:16-cv-01472-LDW-SIL |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

**BARSHAY SANDERS, PLLC**

David M. Barshay, Esquire (DB1790)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Fax: (516) 706-5055
*Attorneys for Plaintiff*
*Dbarshay@barshaysanders.com*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................. 1

PROCEDURAL HISTORY .................................................................................................... 2

FACTUAL BACKGROUND .................................................................................................. 2

ARGUMENT .......................................................................................................................... 2

   I.     PLAINTIFF, NOT DEFENDANT, IS ENTITLED TO SUMMARY JUDGMENT ......... 2

       A.   Summary Judgment Standard. ...................................................................... 3

       B.   A Consumer's *Prima Facie* Case under the FDCPA......................................... 5

       C.   Plaintiff has Established the First Two Elements of her Prima Facie Case................... 6

       D.   Element Three—Plaintiff's §1692e "*Avila* Claim" .......................................... 6

       E.   Element Three—Plaintiff's §1692e "*Clomon* Claim" ....................................... 12

CONCLUSION....................................................................................................................... 13

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Adlam v. FMS, Inc.*,
  2010 WL 1328958 (S.D.N.Y. 2010) ................................................................... 11

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ........................................................................................... 3

*Arnold Pontiac–GMA, Inc. v. General Motors Corp.*,
  700 F.Supp. 838 (W.D.Pa. 1988) ....................................................................... 4

*Avila v. Riexinger & Associates, LLC*,
  817 F.3d 72 (2d Cir. 2016) ................................................................... 7, 8, 9, 12

*Beauchamp v. Financial Recovery Services, Inc.*,
  2011 WL 891320 (S.D.N.Y. 2011) .................................................................... 12

*Boyles v. Petrucelli*,
  921 F.Supp 1200 (S.D.N.Y. 1996) ...................................................................... 3

*Brady v. Town of Colchester*,
  863 F.2d 205 (2d Cir. 1988) ................................................................................ 4

*Chambers v. TRM Copy Centers Corp.*,
  43 F.3d 29 (2d Cir. 1994) .................................................................................... 4

*Clomon v. Jackson*,
  988 F.2d 1314 (2d Cir. 1993) ................................................................. 4, 7, 12, 13

*Coach Leatherware Co. v. AnnTaylor, Inc.*,
  933 F.2d 162 (2d Cir. 1991) ................................................................................ 3

*Creech v. N.D.T. Industries, Inc.*,
  815 F.Supp 165 (D.S.C. 1993) ............................................................................ 4

*Dan Barclay, Inc. v. Stewart & Stevenson Servs., Inc.*,
  761 F.Supp. 194 (D.Mass. 1991) ........................................................................ 4

*Dick v. Enhanced Recovery Company, LLC*,
  2016 WL 5678556 (E.D.N.Y. 2016), ................................................................. 10

*Douglass v. Forster & Garbus, LLP*,
   2016 WL 6248824 (W.D.N.Y. 2016),....................................................................................... 9

*Hess v. Cohen & Slamowitz LLP*,
   637 F.3d 117 (2d Cir. 2011) ..................................................................................................... 5

*Jacobson v. Healthcare Fin. Servs., Inc.*,
   516 F.3d 85 (2d Cir. 2008) ........................................................................................................ 7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) ............................................................ 5

*McGinty v. Prof'l Claims Bureau, Inc.*,
   No. 15-cv-4356 (SJF) (ARL), 2016 WL 6069180 (E.D.N.Y. Oct. 17, 2016) .......................... 4

*McNamee v. Debski & Associates, P.A.*,
   2016 WL 5391396 (M.D. Fla. 2016) ................................................................................. 10, 12

*McNeil v. Aguilos*,
   831 F.Supp. 1079 (S.D.N.Y. 1993) ........................................................................................... 3

*Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC*,
   214 F.3d 872 (7th Cir. 2000) .................................................................................................... 8

*N.C. Freed Co. v. Bd. of Governors of Fed. Reserve Sys.*,
   473 F.2d 1210 (2d Cir. 1973) ................................................................................................... 7

*Nicholson v. Forster & Garbus LLP*,
   No. 11-CV-524 (SJF) (WDW), 2013 WL 2237554 (E.D.N.Y. May 17, 2013)......................... 5

*Reutlinger v. Financial Recovery Services, Inc.*,
   15-cv-2942 (LDW)(SIL) (E.D.N.Y. May 31, 2016) ....................................................... 6, 7, 9

*Rodriguez v. City of N.Y.*,
   72 F.3d 1051 (2d Cir.1995)........................................................................................................ 3

*Suquilanda v. Cohen & Slamowitz, LLP*,
   No. 10-CIV-5868 (PKC), 2011 WL 4344044 (S.D.N.Y. Sept. 8, 2011) ................................... 5

*United States v. Diebold, Inc.*,
369 U.S. 654 (1962) ........................................................................ 3

*Vincent v. The Money Store*, 7
36 F.3d 88 (2d Cir. 2013) ................................................................ 7

*Western World Ins. Co. v. Stack Oil, Inc.*,
922 F.2d 118 (2d Cir. 1990) ............................................................ 3

*Wolk v. Kodak Imaging Network, Inc.*,
840 F.Supp.2d 724 (S.D.N.Y 2012) ................................................ 3

**Statutes**

15 U.S.C. § 1692a(3) ........................................................................ 9
15 U.S.C. § 1692a(5) ........................................................................ 9
15 U.S.C. § 1692e ...................................................................... 13, 14
15 U.S.C. § 1692g(a)(1) .................................................................. 12

Federal Rule of Civil Procedure ("Rule") 56 ............................... 5, 8
Rule 56(c) ........................................................................................ 6

This memorandum is submitted in Opposition to Defendant's Motion for Summary Judgment and in support of Plaintiff's Cross-Motion for Summary Judgment as to Plaintiff's First Amended Complaint.

**<u>PRELIMINARY STATEMENT</u>**

In this FDCPA action, Plaintiff's debt was incurred on a credit card account issued by Synchrony Bank, that accrued interest on any balances carried, late fees on any late or missed payments, as well as other fees such as "over limit" fees on certain balances. Defendant, a debt collector, sent Plaintiff a letter seeking to collect the credit card debt. The letter did not state whether interest and fees were continuing to accrue on the account, nor did it state whether payment of the "Amount" stated in the letter would satisfy the debt. Additionally, Plaintiff was never notified that the terms of her account concerning interest and fees were changed, if indeed they were, nor does Plaintiff believe that Defendant has the authority to amend such terms.

Because of all this, and because of Defendant's failure to utilize the "safe harbor" language required in these instances, Plaintiff did not know whether the "Amount" was static, or whether it would increase due to the accumulation of interest, late fees, and other fees, as it always had in the past. Put more simply, Plaintiff did not know whether if she paid the "Amount" stated in the letter, the collector would leave her alone, or if she would owe additional money for interest or fees accumulated after the date of the letter.

Plaintiff seeks summary judgment on her claim that Defendant violated 15 U.S.C. § 1692e in two different, yet related ways. <u>First</u>, is Plaintiff's "*Avila* claim." The Second Circuit has made clear that debt collectors are required, when they notify consumers of their account balance, to disclose whther the balance may increase due to interest and fees. Defendant failed

1

to do so.  Second, is Plaintiff's "*Clomon* Claim."  The Second Circuit has held that if a letter is open to more than one reasonable interpretation, at least one of which is inaccurate, it violates the FDCPA.  In this regard, because the collection letters were silent as to interest and fees, the competing constructions offered by Plaintiff (that interest continues to accrue, as it always had), and Defendant (that the balance was "static"), are both reasonable.  However, because only one of these interpretations can be correct, the letter violates § 1692e.

## PROCEDURAL HISTORY

The relevant procedural history is set forth in the accompanying *Declaration of David M. Barshay* ("*Barshay Decl.*"), filed simultaneously herewith.

## FACTUAL BACKGROUND

The relevant facts are set forth in the *Declaration of Darian Derosa* ("*Derosa Decl.*") and Plaintiff's Local Civil Rule 56.1(a) Statement of Material Facts ("Plaintiff's 56.1 Statement"), as well as Plaintiff's Local Civil Rule 56.1(b) Response to Defendant's Statement of Material Facts ("Plaintiff's 56.1(b) Statement"), all filed simultaneously herewith.

## ARGUMENT

### I.  PLAINTIFF, NOT DEFENDANT, IS ENTITLED TO SUMMARY JUDGMENT

In this case, because Defendant admits that the collection letters it sent to Plaintiff was silent on the issue of interest and fees and did not otherwise contain any "safe harbor" language with respect to same, Defendant's motion for summary judgment must be denied. By extension, Plaintiff's cross-motion for summary judgment must be granted.

A.  **Summary Judgment Standard.**

"Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Boyles v. Petrucelli,* 921 F. Supp. 1200, 1201 (S.D.N.Y. 1996) quoting Fed. R. Civ. P. 56(c) (internal quotations omitted).  "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish [its] right to judgment as a matter of law." *Wolk v. Kodak Imaging Network, Inc.,* 840 F.Supp.2d 724, 736 (S.D.N.Y 2012) quoting *Rodriguez v. City of N.Y.*, 72 F.3d 1051, 1060–61 (2d Cir. 1995) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986) (brackets in original).

The Court's responsibility is to perform "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.*, quoting *McNeil v. Aguilos*, 831 F.Supp. 1079, 1082 (S.D.N.Y. 1993) quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990).  In performing this test, the Court "must resolve all ambiguities and draw all reasonable inferences against the moving party." *Id.*, citing *McNeil*, 831 F.Supp. at 1082 citing *United States v. Diebold, Inc*., 369 U.S. 654, 655 (1962) (per curiam) (other citations omitted); *Coach Leatherware Co. v. AnnTaylor, Inc*., 933 F.2d 162, 167 (2d Cir. 1991) (citation omitted). Elsewhere stated, "[i]f as to the issue on which summary judgment is sought, there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper."

*Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2d Cir. 1994) citing *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988).

"In ruling on cross-motions for summary judgment, the Court must apply the same standard as it does for individual summary judgment motions." *Creech v. N.D.T. Industries, Inc.*, 815 F. Supp. 165, 166 (D.S.C. 1993) citing *Arnold Pontiac–GMA, Inc. v. General Motors Corp.*, 700 F. Supp. 838, 840 (W.D. Pa. 1988). "Thus, the Court must rule on each motion independently, deciding in each instance whether the moving party has met its burden under Rule 56." *Id.* at 166-167, citing *Dan Barclay, Inc. v. Stewart & Stevenson Servs., Inc.*, 761 F.Supp. 194, 197–98 (D.Mass. 1991).

In the case at bar, there exist no genuine issues at to any material fact insofar as the collection letter received by Plaintiff speaks for itself.  Furthermore, Defendant admits that the collection letter did not disclose whether the "amount" on the account would increase due to interest and/or fees and, in fact, made no reference whatsoever to interest or fees; likewise, the letter contained no "safe harbor" language.  As set forth herein, recent precedent from the Second Circuit has clarified that collection letters like the one received by Plaintiff are required to disclose whether the account balance may increase due to interest or fees. Moreover, collection letters that are open to more than one reasonable interpretation, like the instant one as explained herein, violate the FDCPA.

When analyzing whether a communication violates the FDCPA, "courts apply an objective standard based on the least sophisticated consumer." *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15-cv-4356 (SJF) (ARL), 2016 WL 6069180, at *3 (E.D.N.Y. Oct. 17, 2016); citing *Dewees v. Legal Services, LLC*, 506 F. Supp. 2d 128, at 132 (E.D.N.Y. 2007) (internal quotations marks omitted). Whether a communication by a debt collector is misleading to the

least sophisticated consumer is an objective question that may be determined by the Court as a matter of law. *Nicholson v. Forster & Garbus LLP*, No. 11-CV-524 (SJF) (WDW), 2013 WL 2237554, at *3 (E.D.N.Y. May 17, 2013) *aff'd.* 570 F.App'x 40 (2d Cir. 2014) (collecting cases).

Thus, for the reasons stated herein, Defendant's Motion for Summary Judgment should be denied and Plaintiff's cross-motion for the same relief granted.

### B.  A Consumer's *Prima Facie* Case under the FDCPA

To establish a *prima facie* case under the FDCPA, a plaintiff must satisfy three (3) elements: (1) the plaintiff is a "consumer"; (2) the defendant is a "debt collector"; and (3) the defendant has violated, by act or omission, a provision of the FDCPA. *See generally Suquilanda v. Cohen & Slamowitz, LLP*, No. 10-CIV-5868 (PKC), 2011 WL 4344044, at *3 (S.D.N.Y. Sept. 8, 2011) *citing Hess v. Cohen & Slamowitz* LLP, 637 F.3d 117, 120 (2d Cir. 2011).

A "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a (3). A "debt" means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the . . . services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).  A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debt, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." 15 U.S.C. § 1692a(6). A "communication" is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

**C.  Plaintiff has Established the First Two Elements of her Prima Facie Case.**

In the instant case the Plaintiff's status as a "consumer" and Defendant's as a "debt collector" within the meaning of 15 U.S.C. § 1692 is undisputed by the parties.

Regarding the first element, Plaintiff submits her Declaration herewith, attesting that she is a natural person allegedly obligated to pay a debt that was incurred for personal, family and household uses.  Specifically, Plaintiff resides in Suffolk County, New York, and is alleged by Defendant to owe a debt incurred on her 'R'Us MasterCard credit card account.  *See Derosa Decl.*, at ¶¶1-4; *Plaintiff's 56.1 Statement* at ¶¶ 1, 4-6.  Given the foregoing, it is clear that the Plaintiff fits squarely within the definition of a "consumer" under 15 U.S.C. § 1692a(3) and the debt is a "debt" as defined by § 1692(a)(5).

Similarly, with regard to the second element, there is no dispute that Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1962(a)(6).  By its own admission, Defendant "is in the business of attempting to collect financial obligations due to its clients by customers of its clients." *Defendant's 56.1 Statement* at ¶1.  As such, Defendant clearly falls within the purview of 15 U.S.C. § 1692a(6).

For the reasons set forth above, Plaintiff has established the first two elements of her *prima faci*e case.

**D.  Element Three—Plaintiff's §1692e "*Avila* Claim"**

As this Honorable Court recently held, "The issue of whether detailed interest information was required by § 1692g(a)(1) has been the subject of differing opinions within this district and others, but was recently answered by the Second Circuit, which found that debt collectors must disclose that the balance due may increase due to interest and fees." *Reutlinger v.*

*Financial Recovery Services, Inc.*, 15-cv-2942 (LDW)(SIL) (E.D.N.Y. May 31, 2016), citing *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72 (2d Cir. 2016) ("*Avila*").

   *Avila* is not only controlling, it is analogous. The plaintiffs in *Avila* each received collection notices from the defendant debt collector, which, as here, advised the plaintiffs that their accounts had been placed with defendant for collection. *Id.* at 74. The collection notices, also as here, stated a balance, but did not disclose whether the balance might increase due to interest and fees. *Id.* Accordingly, the plaintiffs alleged that the collection notices were false and misleading under the FDCPA. Defendant moved to dismiss the complaint for failure to state a claim, and the District Court granted the motion. In so doing, the court recognized that the Districts Courts were (then) divided on the issue of whether a debt collector must disclose if the amount of a debt may increase over time due to interest or fees. *Id.* at 74-75. The plaintiffs appealed.

   On appeal, the Second Circuit began with the observation that the FDCPA is "primarily a consumer protection statute" and, therefore, must be construed "in liberal fashion [to achieve] the underlying Congressional purpose." *Id.*, citing *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir. 2008); *Vincent v. The Money Store*, 736 F.3d 88, 98 (2d Cir. 2013); *N.C. Freed Co. v. Bd. of Governors of Fed. Reserve Sys.*, 473 F.2d 1210, 1214 (2d Cir. 1973) (the purpose being to "eliminate abusive debt collection practices by debt collectors … and ... to protect consumers against debt collection abuses"). The Court noted that in order to foster the mandates of the FDCPA, Courts are to apply the "least sophisticated consumer standard," under which a collection notice can be misleading if it is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Id.*, quoting *Clomon*, 988 F.2d at 1319. Under this standard, the Second Circuit found that stating the amount of the debt alone (as required by

Section 1692g) could be misleading under Section 1692e because a consumer might be led to believe that a payment of the current balance would result in payment in full. The Court noted, however, if the debt was accruing interest or fees (as here), a payment of the current balance would not result in payment in full. The Court found this to be a critical point because, after payment of the current balance, the debt collector could still seek to recover the interest and fees or, more significantly, could sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer. *Id.* at 76.

In light of the foregoing, the Second Circuit held that a debt collector is required to disclose whether a balance stated will increase due to interest and fees or, otherwise, include "safe harbor" language similar to that adopted by the Seventh Circuit in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000). Under *Miller*, a debt collector will not be found to have violated Section 1692e where a communication "clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date." *Avila*, 817 F.3d at 77.

In this case, Defendant freely admits that its collection letters did not state whether interest or fees would be charged and did not include any "safe harbor" language. With that concession, Defendant contends on this motion that a payment of the respective "Amount" would have paid the debts in full at any time. Unfortunately for Defendant, that argument does not satisfy the *Avila/Miller* test, as none of the collection letters at issue "clearly state" – or state at all – that the payment of a sum certain by a date certain will result in payment in full.

This Honorable Court has previously addressed this issue in the context of a motion to dismiss, and observed that there had been a split among the district courts as to whether such a letter violated the FDCPA, until the Second Circuit's holding in *Avila*. "Now that this point is

8

clear," this Court held, "the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees" and denied defendant's motion to dismiss. *Reutlinger*, No. CV 15-2942 (E.D.N.Y. May 31, 2016) citing *Avila*.   In *Reutlinger,* the plaintiff claimed that defendant debt collector violated §§ 1692(e) and 1692(a)(1) in connection with the "amount of debt" field on the notice, as it failed to state: (1) whether the debt remained subject to interest; (2) whether interest continued to accrue; (3) the applicable interest rate, if any. This Honorable Court considered the recent precedent embodied in *Avila* and ultimately concluded that upon the allegations that "Defendant [had] failed to adequately provide the interest information required by the FDCPA," Plaintiff had stated a claim under §§ 1692(e) and 1692(a)(1).   *Reutlinger* is instructive here, as the instant Defendant has conceded the facts deemed necessary in *Reutlinger* for Plaintiff to prevail on a violation of § 1692e regarding Defendant's failure to disclose interest information.   In the instant case, both collection letters (including the one Plaintiff did not receive) list only a line item stating "Amount/Balance" next to the amount of $2,863.52, and include no other information regarding interest or fees which might be accruing.   Therefore, Defendant's collection letters violate 15 U.S.C. §1692e as a matter of law.

A similar decision was reached in *Douglass v. Forster & Garbus*, LLP, 2016 WL 6248824 (W.D.N.Y. 2016), wherein the Court followed the decision in *Avila*, and rejected the debt collector's contention that any failure to include the information missing from its letter [that the debt would not increase] was merely a de minimis violation." *Douglass*, 2016 WL 6248824 at *2. The Court concluded that "failure to indicate in [a] letter that interest and fees would continue accruing beyond the date of the letter constituted a false, deceptive, or misleading representation or means in connection with the collection of a debt" (*Id*. at *3), which it found to

be consistent with earlier precedent from the Second Circuit in *Hart v. FCI Lender Servs., Inc.*, 797 F.3d 219 (2d Cir. 2015) wherein the Court held that the FDCPA was intended by Congress to afford "broad protection" to consumers. *Id.*

In *McNamee v. Debski & Associates, P.A.*, 2016 WL 5391396 (M.D. Fla. 2016) the Court was faced with a similar question, *to wit*, whether a debt collector's failure to inform a debtor that the creditor has stopped collecting post-judgment interest on a judgment can violate the FDCPA. The *McNamee* Court found the reasoning in *Avila* to be persuasive and held that the complaint plausibly states a claim to relief under the FDCPA. Critically, the *McNamee* Court found it significant that the debt collector refused to provide written information to show that the original creditor had instructed the debt collector to cease collecting interest. *Id.* at * 3.

Ignoring these cases, Defendant instead relies heavily upon *Dick v. Enhanced Recovery Company*, LLC, 2016 WL 5678556 (E.D.N.Y. 2016), which appears to be the only reported case to not strictly construe *Avila*. In *Dick*, decided in a Rule 12 context, Judge Mauskopf opined that that the Second Circuit's holding in *Avila* – "that it is misleading for a debt collector to list the amount owed without disclosing the fact that said amount is increasing – does not [mean] that it is misleading to list the amount owed without affirmatively noting that the amount is not increasing." *Dick*, 2016 WL 5678556 at *5 (italics in original). *Dick* is, however, inapposite to the issue here for at least two reasons.

First, the debt in *Dick* was owed to Verizon, and was not a credit card debt. As such, there was no allegation, nor could there be, that the debt had ever been subject to interest. This fact was critical to Judge Mauskopf's distinguishing *Dick* from *Avila*. (Unlike in *Avila*, "[t]he key distinction here is that Dick does not allege that 'non-interest charges and fees' were actually accruing at the time ERC listed their amount at '$0.00,' or that they were going to accrue." *Id.* at

10

*5.)   In contrast to *Dick*, the Plaintiff here has shown, and Defendant cannot dispute, that her credit card was subject to interest and fees.[1]   The holding in *Dick* should be limited to the "key distinction" recognized by Judge Mauskopf, to wit: that a collection letter will not be false and misleading for failing to disclose whether interest and fees will accrue on a debt, but only in instances where the complaint does not allege that the account had been subject to interest or fees. Such a holding would make *Dick* readily distinguishable from the case-at-bar, and at least arguably consistent with *Avila*.

Second, Defendant has failed to establish that the credit card account was not continuing to accrue interest and fees.  In this regard, Defendant purports to rely on the Declaration of Heath Morgan, an employee of Defendant, who avers that "no interest or fees were or would have been added by CAC." *Morgan Decl.* at ¶ 8.  However, such proclamation misses the point.  What CAC may or may not have been "adding" to the account has no effect on the creditor's (Synchrony Bank's) rights or intentions concerning the account.  As set forth in the *Derosa Decl.* and the credit card agreement annexed thereto, Synchrony Bank had the right to, and in fact always did, add interest charges and fees to Plaintiff's account.   Simply, Morgan, an employee of Defendant, does not even attempt to state what Synchrony Bank's business practices are, nor does his Declaration set forth any basis for his personal knowledge of any such information should he attempt to so state.

Notwithstanding the foregoing, the fact remains that, regardless of what Defendant was doing when it was seeking to collect the debt, Synchrony Bank retained the right and ability to

---

[1] Plaintiff has submitted her Declaration attesting to being charged interest and fees, and has also provided the underlying credit card agreement, providing for interest and fees.  Even without such proof, courts in both the Eastern and Southern Districts have held that "even the most unsophisticated consumer would understand that credit card debt accrues interest." *Weiss v. Zwicker & Associates, P.C.*, 664 F. Supp. 2d 214, 217 (E.D.N.Y. 2009); *Adlam v. FMS, Inc.*, 2010 WL 1328958, at *3 (S.D.N.Y. 2010).

charge Plaintiff interest and fees.  This fact precisely illustrates the concern raised by the Second

Circuit in *Avila*.  Specifically, absent an affirmative statement in the collection letter(s) that

interest and fees will not accrue, the consumer has no assurance (or defense) against the

collection of interest or fees in the event that the original creditors would recall, sell, transfer or

assign the debt after payment of the "balance due."  *Avila*, 817 F.3d at 76.  It also illustrates the

evidentiary concern articulated in *McNamee*, that Defendant has provided no documentation to

support its claim that Synchrony Bank ceased to charge interest and fees, when the Plaintiff's

account had always been subject to both.  *Id.* at *3.

For all these reasons, it is respectfully submitted that the Court should find that the

collection letters at issue herein are "false and misleading" under the Second Circuit's clear

decision in *Avila*, consistent with the decisions in *Douglass*, *Reutlinger* and *McNamee*, and reject

(or distinguish) the contrary and inapposite finding of *Dick*.


### E.  Element Three—Plaintiff's §1692e "*Clomon* Claim"

Even if Defendant had submitted competent proof that Synchrony Bank was no longer

seeking interest and fees (arguably, making its letter accurate), which it did not, such would not

change the result of this case.  To be sure, the literal accuracy of Defendant's collection letters is

not at issue.  Indeed, "the least sophisticated consumer standard is not concerned with the literal

accuracy of a statement but, rather, with the impression that it may reasonably leave upon a

consumer."  *Beauchamp v. Financial Recovery Services, Inc.*, 2011 WL 891320, *3 (S.D.N.Y.

2011).  This is consistent with the well-settled law of this Circuit which holds that a collection

notice is false and misleading if it is "open to more than one reasonable interpretation, at least

one of which is inaccurate."  *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

In this proper context, the issue is much simpler: *To wit*, if the least sophisticated consumer would find the letters open to more than one reasonable interpretation concerning the accrual of interest and fees, at least one of which is inaccurate, the letter violates the FDCPA. *Clomon*, 988 F.2d at 1319.  In this regard, Defendant does not, because it cannot, dispute that Plaintiff's account was subject to interest and late fees by Synchrony Bank, and Plaintiff was not notified or advised by either the original creditor or the Defendant that the amount due on his account would no longer be subject to interest and fees. As such, even assuming that interest and fees stopped upon assignment of the debt to Defendant, it remains a reasonable interpretation of the letter by the least sophisticated consumer, unaware of this fact, that the amount stated in the letter may continue to accrue interest and fees.  Additionally, it is respectfully submitted that a reasonable interpretation of the letter, as Defendant claims here, is that interest and fees were not continuing to accrue.  Because one of these interpretations must be incorrect, the letter violates *Clomon* and § 1692e.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion for Summary Judgment should be denied, Plaintiff's motion for summary judgment should be granted, and this matter should be set down for a hearing on attorneys' fees and costs, and such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
           December 30, 2016

                              BARSHAY SANDERS, PLLC

                              ___ s/   *David M. Barshay*                  ___
                              David M. Barshay, Esquire (DB1790)
                              100 Garden City Plaza, Suite 500

13

Garden City, New York 11530
Telephone: (516) 203-7600
Fax: (516) 706-5055
*Attorneys for Plaintiff*
*Dbarshay@barshaysanders.com*

14