# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARIAN DEROSA,<br><br>                Plaintiff,<br><br>                vs.<br><br>CAC FINANCIAL CORP,<br><br>                Defendant. | Case No.: 2:16-cv-01472-LDW-SIL |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**BARSHAY SANDERS, PLLC**

David M. Barshay, Esquire (DB1790)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Dbarshay@barshaysanders.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

I. PRELIMINARY STATEMENT ..................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. Defendant Misunderstands *Avila*, Ignores Plaintiff's Evidence, and Relies on Unpersuasive and Inapposite Out-of-Circuit Precedent. ...................................... 2

    B. Defendant fails to address Plaintiff's *Clomon* Claim and, as such, Plaintiff is entitled to Summary Judgment Because the Collection Letter is Open to More than One Reasonable Interpretation, at Least One of Which is Inaccurate. ........................ 6

    C. Contrary to Defendant's Argument, Inclusion of the *Miller* Safe Harbor Language Would Not Violate the FDCPA. ........................................................................... 7

III. CONCLUSION ............................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Avila v. Riexinger & Associates, LLC*,
   817 F.3d 72 (2d Cir. 2016) ............................................................................... passim

*Beauchamp v. Fin. Recovery Servs., Inc.*,
   No. 10 CIV. 4864 SAS, 2011 WL 891320 (S.D.N.Y. Mar. 14, 2011) .................................. 7, 8

*Chuway v. Nat'l Action Fin. Servs.*,
   362 F.3d 944 (7th Cir. 2004) ............................................................................. 3, 5, 9

*Clomon v. Jackson*,
   988 F.2d 1314 (2d Cir. 1993) ............................................................................. 2, 6, 7

*Easterling v. Collecto, Inc.*,
   692 F.3d 229 (2d Cir. 2012) ...................................................................................... 7

*McNamee v. Debski & Assocs., P.A.*,
   No. 8:16-CV-2272-T-33TBM, 2016 WL 5391396 (M.D. Fla. Sept. 27, 2016) ......................... 4

*Miller v. McCalla, Raymer Padrick Cobb, Nichols & Clark, LLC*,
   214 F.3d 872 (7th Cir. 2000) .................................................................................. 8, 9

*Millus v. D'Angelo*,
   224 F.3d 137 (2d Cir. 2000) ...................................................................................... 1

*Sawyer v. Wight*,
   196 F. Supp. 2d 220 (E.D.N.Y. 2002) ....................................................................... 1

*Sefcik v. State Farm Fire & Cas. Co.*,
   169 F. Supp. 3d 350 (E.D.N.Y. 2016) ....................................................................... 1

*Sellers v. M.C. Floor Crafters, Inc.*,
   842 F.2d 639 (2d Cir. 1988) ...................................................................................... 5

*Walker v. Shermeta, Adams, Von Allmen, PC*,
   623 F. App'x 764 (6th Cir. 2015) (summary order) ................................................... 6, 7

*Weiss v. Zwicker & Associates, P.C.*,
   664 F. Supp. 2d 214 (E.D.N.Y. 2009) ....................................................................... 3

**Statutes**

15 U.S.C.
  §1692e ................................................................................................................. passim

**Rules**

Fed. R. Civ. P. 56(c) ........................................................................................................ 1

Local Civil Rules
  Rule 56.1(a) ................................................................................................................. 1
  Rule 56.1(b) ................................................................................................................. 1
  Rule 56.1(c) ................................................................................................................. 1

# I.
## PRELIMINARY STATEMENT

This reply memorandum is submitted in further support of Plaintiff's motion pursuant to Fed. R. Civ. P. 56(c) for Summary Judgment as to Plaintiff's First Amended Complaint.

As a threshold matter, it must be noted that, whether done strategically or otherwise, Defendant has not opposed Plaintiff's motion for summary judgment. Indeed, Defendant submits only a Reply Memorandum in support of its own motion ("Def.'s Reply Memo."), and no counter-statement of material facts as required by Local Rule 56.1(b). As such, the facts in Plaintiff's Local Rule 56.1(a) Statement are deemed as admitted for purposes of this motion. *See* Local Rule 56.1(c); *see also Sefcik v. State Farm Fire & Cas. Co.*, 169 F. Supp. 3d 350, 351, n.2 (E.D.N.Y. 2016). On this basis alone, Plaintiff's motion should be granted. *See Sawyer v. Wight*, 196 F. Supp. 2d 220, 225 (E.D.N.Y. 2002) ("The Second Circuit permits District Courts to grant summary judgment to moving parties on the basis of their un-controverted 56.1 Statements") (citing *Millus v. D'Angelo*, 224 F.3d 137, 138 (2d Cir. 2000)).

Notwithstanding the foregoing, Plaintiff is entitled to summary judgment, on the merits, under two distinct legal theories. First, based on *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72 (2d Cir. 2016), Defendant's collection letter violates § 1692e of the FDCPA because it fails to disclose that Plaintiff's debt may increase due to interest and fees (the "*Avila*" claim). Second, based on *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993), the letter also violates § 1692e because it is open to more than one reasonable interpretation by the least sophisticated consumer concerning the amount of the debt, at least one of which is inaccurate (the "*Clomon*" claim).

Concerning the *Avila* claim, Defendant unsuccessfully attempts to distinguish the instant case from *Avila* while simultaneously relying heavily on outdated, out-of-circuit precedent that is

neither controlling nor compelling and, in fact, is wholly incompatible with *Avila*. Concerning *Clomon*, Defendant fails altogether to even address Plaintiff's claim.

For all of these reasons, Plaintiff's motion for summary judgment should be granted.

## II.
## ARGUMENT

### A. Defendant Misunderstands *Avila*, Ignores Plaintiff's Evidence, and Relies on Unpersuasive and Inapposite Out-of-Circuit Precedent.

Defendant's attempts to escape *Avila*, which constitute the vast majority of its papers, are fundamentally and fatally flawed for two main reasons. First and foremost, Defendant ignores Plaintiff's evidence that the subject debt *was accruing interest and fees*. Instead of addressing Plaintiff's evidence of this as set forth in both her Declaration and her credit card agreement, Defendant insists, unsupported by any evidence whatsoever, that Plaintiff's debt was "static." Def's. Reply Memo., at pp. 4-5. Second, Defendant erroneously relies on the Seventh Circuit case of *Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944 (7th Cir. 2004), which is not only not binding on this Court, but has been squarely rejected by the Second Circuit's recent holding in *Avila*. A discussion follows.

Defendant argues that "*Avila* is not controlling" because it "was decided in the context of a debt that was subject to change" and "its holding is expressly limited to letters on debts with increasing balances." Def's Reply Memo., at p. 4. At the heart of this argument is Defendant's erroneous and conclusory insistence that Plaintiff's debt *was not* increasing due to interest and fees, despite Plaintiff's clear and unrefuted evidence to the contrary. This so-called distinction

simply does not exist in this case.[1]  Indeed, as Plaintiff stated in her Declaration, the underlying debt arose from the use of a credit card which, like all credit cards, accrued interest on any balances carried and late fees on any late or missed payments.  *See Declaration of Darian Derosa* ("Derosa Decl."), at ¶¶ 2-4; *see also Weiss v. Zwicker & Associates, P.C.*, 664 F. Supp. 2d 214, 217 (E.D.N.Y. 2009) ("even the most unsophisticated consumer would understand that credit card debt accrues interest.")  Likewise, as already set forth in Plaintiff's Cross-motion, the underlying credit card agreement advises the consumer, in no uncertain terms, that unless the consumer pays the entire balance by the due date each month, interest will accrue "from the date you make the purchase *until you pay the purchase in full*."  Derosa Decl., at Ex. 2, *Section II: Rates, Fees, and Payment Information* (emphasis added).[2]

To the contrary, Defendant has not produced a single piece of evidence to contradict Plaintiff's proofs, such as an agreement between itself and the creditor (Synchrony Bank) establishing that Plaintiff's credit card agreement was no longer in effect, or that the terms of the agreement concerning the accrual of interest or fees had been modified.  *See McNamee v. Debski & Assocs., P.A.*, No. 8:16-CV-2272-T-33TBM, 2016 WL 5391396, at *3 (M.D. Fla. Sept. 27, 2016) (citing *Avila*, finding it significant that the debt collector refused to provide proof that the

---

[1] While not necessarily relevant here, Plaintiff does not agree that this "distinction," even if present here, would alter the applicability of *Avila*.  Indeed, *Avila* recognized no such distinction, but found dispositive only the *possibility* that interest and fees could be added to the debt.  *Avila*, 817 F.3d at 75 ("The question presented is whether the sending of a collection notice that states a consumer's 'current balance,' but does not disclose that the balance may increase due to interest and fees, is a 'false, misleading, or deceptive' practice prohibited by Section 1692e.)

[2] Interestingly, despite the relative ease by which Plaintiff was able to obtain the underlying credit card agreement from the CFPB., Defendant refused to admit in its responses to *Plaintiff's Request for Admissions* that the credit card accrued interest and late fees.  Rather, Defendant evasively claimed that it "made a reasonable inquiry and the information it knows or can readily obtain is insufficient to permit or deny this Request."  *See Reply Declaration of David M. Barshay* ("Barshay Reply Decl."), at Exhibit 1, ¶¶ 17-18).

creditor had instructed the debt collector to cease collecting interest). This is because no such proof exists. *See* Derosa Decl., at ¶ 11.[3]

The only evidence Defendant did submit allegedly bearing on the issue of interest and fees is the largely irrelevant and inadmissible *Declaration of Heath Morgan* ("Morgan Decl."). As to admissibility, Mr. Morgan does not set forth any basis for his knowledge of Defendant's business practices, such as his job title, duties, or number of years' with Defendant, instead only nebulously referring to his "association" with Defendant. *See* Morgan Decl., at ¶ 2. More importantly, as to relevance, even if Mr. Morgan's statement that Defendant does not collect interest, which Defendant emphasizes throughout its papers, is credited, such is patently immaterial. This is because Mr. Morgan cannot[4] – and, to his credit, he does not attempt to – testify as to Synchrony Bank's business practices, which, respectfully, are all that matter. Indeed, the relevant point is that regardless of whether Defendant collects interest or fees, *those fees are still accruing pursuant to the terms of the underlying credit agreement*, and some entity—whether it be Defendant, the current creditor upon recall, or another debt collector to whom the debt may be later sold—may, and most likely will, attempt to collect those fees *even if* Plaintiff remits payment to Defendant in the "static" amount Defendant currently requests.

This is precisely the abuse that the Second Circuit sought to remedy in *Avila*:

> A reasonable consumer could read the notice and be misled into
> believing that she could pay her debt in full by paying the amount
> listed on the notice. In fact, however, if interest is accruing daily,
> or if there are undisclosed late fees, a consumer who pays the

---

[3] In fact, Defendant admitted in its *Answers to Plaintiff's First Set of Interrogatories* that it did not communicate with Synchrony Bank at all regarding the debt. *See* Barshay Reply Decl., at Exhibit 2, ¶ 16.

[4] *See Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988) ("[A] hearsay affidavit is not a substitute for the personal knowledge of a party.")

4

> "current balance" stated on the notice will not know whether the debt has been paid in full. **The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.**

*Avila*, 817 F.3d at 76. (emphasis added.) As *Avila* explained, such a result runs afoul of the Congressional purpose of full and fair disclosure to consumers embodied in § 1692e. *See id.*

In contrast, *Chuway*, a much older Seventh Circuit case that Defendant relies upon almost exclusively, arrived at precisely the opposite holding, *to wit*, that a debt collector may dun a consumer for the "amount of the debt," excluding any interest and fees that are accruing in the interim, without running afoul of the FDCPA on the grounds that the interest and fees constitute a "separate debt" owed to the credit card company. *Id*. at 944. In other words, the Seventh Circuit in *Chuway* appeared to expressly approve of the very possibility that the Second Circuit in *Avila*, some twelve years later, sought to eliminate—that a consumer who remits payment in "satisfaction" of what she owes to one particular debt collector may nevertheless remain subject to further collection efforts for the interest and fees that have accrued in connection with that very same debt.[5]

Accordingly, Defendant's implication that *Chuway* is compatible with *Avila* is incomprehensible, as is its contention that *Avila* is "not on point." Def.'s Reply Memo., at p. 6. As such, Plaintiff is entitled to summary judgment on her *Avila* claim.

---

[5] *See also Walker v. Shermeta, Adams, Von Allmen, PC*, 623 F. App'x 764, 767 (6th Cir. 2015) (summary order) ("Defendants likely also do not have authority to waive their client's (or future note holders') rights, if any, to add and collect interest or other charges in the future.")

5

**B. Defendant fails to address Plaintiff's *Clomon* Claim and, as such, Plaintiff is entitled to Summary Judgment Because the Collection Letter is Open to More than One Reasonable Interpretation, at Least One of Which is Inaccurate.**

Regardless of the applicability of *Avila*, Plaintiff is nevertheless entitled to summary judgment, alternatively, under *Clomon*. Defendant has failed to address or refute this argument, relying instead on the conclusory suppositions that the balance stated in the letter was accurate. Def.'s Reply Memo., at p. 9. Defendant misses the point.

Indeed, it appears lost on Defendant that the literal accuracy of the letter is not at issue. *See Beauchamp v. Fin. Recovery Servs., Inc.*, No. 10 CIV. 4864 SAS, 2011 WL 891320, at *3 (S.D.N.Y. Mar. 14, 2011) ("[T]he least sophisticated consumer standard is not concerned with the literal accuracy of a statement, but rather, with the *impression* that it may reasonably leave upon a consumer") (emphasis in original); *see also Walker*, 623 F. App'x at 767 ("even a technically true statement can be misleading.") Instead, it is well-settled that a collection letter violates § 1692e if it is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon*, 988 F.2d at 1319; *see also Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012).

Here, it is beyond dispute that Synchrony Bank, as the creditor, retained the right to charge interest and fees *despite* its assignment of the debt to Defendant. As such, even assuming, *arguendo*, that interest and fees were *not* accruing while the debt was with Defendant, and further assuming, *arguendo*, that *Avila* did not exist, the letter is open more than one reasonable interpretation concerning the debt's balance: (1) that the balance as stated in the letter was subject to interest and fees (as it always had been); or, alternatively, (2) that the amount of the debt was static. Because one of these interpretations must be inaccurate, the letter violates §1692e. *Clomon*, 988 F.2d at 1319.

Accordingly, Plaintiff is entitled to summary judgment on her *Clomon* claim.

C. **Contrary to Defendant's Argument, Inclusion of the *Miller* Safe Harbor Language Would Not Violate the FDCPA.**

Finally, Defendant takes the untenable position that the inclusion of "safe harbor" language, such as that set forth in the Seventh Circuit's decision in *Miller v. McCalla, Raymer Padrick Cobb, Nichols & Clark, LLC*, 214 F.3d 872 (7th Cir. 2000), would have violated the FDCPA. Def.'s Reply Memo., at p. 10. Defendant's argument is simply not supported by any relevant authority or, respectfully, common sense. Indeed, Defendant's argument is fatally flawed for two reasons: (1) The underlying facts of the precedent upon which Defendant relies are inapposite to the instant case; and (2) Defendant has failed to actually establish that interest and fees are *not* accruing on Plaintiff's account. The only local case upon which Defendant relies to suggest that including the *Miller* safe harbor language would be misleading, and thus violate the FDCPA, is the pre-*Avila* case, *Beauchamp*, 2011 WL 891320. In *Beauchamp*, however, the plaintiff claimed that the debts defendant Financial Recovery Services ("FRS") sought to collect "***never*** vari[ed] from the date of issuance and FRS ***never*** attempt[ed] to contact consumers or make[] adjustments after it receive[d] a check from consumer in response to an initial letter," and thus the inclusion of the "safe harbor" language could be misleading. *Id.* at *3 (emphases in original) (internal citations omitted). In contrast, here, the debt arose from a credit card account which always accrued interest and fees, and Plaintiff never received any notification upon assignment to Defendant that the account was no longer subject to such fees, nor was there any indication of same on the face of the letter. As such, inclusion of language similar to that suggested in *Miller* could only have clarified whether or not interest and fees were actually accruing on the balance of $2,863.52 listed in the collection letter. Furthermore, to the

7

extent that *Beauchamp* relied on the Seventh Circuit's decision in *Chuway*, the *Chuway* court's line of reasoning was, as previously discussed, rejected by the Second Circuit in *Avila*.

Moreover, and more importantly, *Avila* provides guidance – indeed, an alternative to the "safe harbor" language – to debt collectors, who, like Defendant claims it was here, are collecting on debts that are not subject to interest and fees *while with the collector*:

> We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice **either** accurately informs the consumer that the amount of the debt stated in the letter will increase over time, **or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date**.

*Avila*, 817 F.3d at 77. Defendant's letter here contains no such statement or advisement.

### III.
### CONCLUSION

For the reasons set forth herein, Defendant's Motion for Summary Judgment should be denied, Plaintiff's Cross-motion for Summary Judgment should be granted, and this matter should be set down for a hearing on attorneys' fees and costs, and such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
February 2, 2017

                                              Respectfully submitted,

                                               s/ *David M. Barshay*
                                              David M. Barshay, Esquire (DB1790)
                                              Barshay Sanders, PLLC
                                              100 Garden City Plaza, Suite 500
                                              Garden City, New York 11530
                                              Telephone: (516) 203-7600
                                              Fax: (516) 706-5055
                                              *Attorneys for Plaintiff*
                                              Dbarshay@barshaysanders.com