FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 29 2017 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DARIAN DEROSA,

                        Plaintiff,

   -against-

CAC FINANCIAL CORP.,

                        Defendant.
------------------------------------------------------------X

MEMORANDUM AND ORDER

16-CV-1472

(Wexler, J.)

APPEARANCES:

SANDERS LAW, PLLC
By: David M. Barshay, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Attorney for Plaintiff

FINEMAN KREKSTEIN & HARRIS, P.C.
By: Richard J. Perr, Esq.
Ten Penn Center, Suite 1100
1801 Market Street
Philadelphia, Pennsylvania 19103
Attorney for Defendant

WEXLER, District Judge:

      Plaintiff Darian Derosa ("Derosa" or "plaintiff") commenced this action against defendant CAC Financial Corp. ("CAC" or "defendant") alleging that it violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* by sending her a deceptive or misleading collection notice. Currently before the Court are the parties' cross-motions for summary judgment. For the reasons set forth herein, defendant's motion is granted and plaintiff's cross motion is denied.

## I. BACKGROUND

The facts are taken from the complaint and submissions of the parties on their motions. They are reviewed in the light most favorable to the nonmoving parties.

Plaintiff opened an 'R' Us MasterCard credit card account through Synchrony Bank ("Synchrony") in 2010. She states that the account accrued interest on balances carried, and late fees for late or missed payments. Declaration of Darian Derosa ("Derosa Decl."), ¶3, Docket Entry ("DE") [33]. Plaintiff began to fall behind on payments in 2014. At some point, the account was assigned or otherwise transferred from Synchrony to CAC, and CAC sought to collect on the account. The claims arise from a letter sent to plaintiff by defendant as part of its collection efforts.

Defendant claims to have sent an "initial dunning letter" on June 7, 2015. Declaration of Heath Morgan ("Morgan Decl.") , ¶3 & Ex. A ("June 2015 ltr."). Plaintiff denies receiving this letter, but claims that the letter is immaterial and is deficient for the same reasons as the subsequent letter she received. The June 2015 letter is on CAC letterhead, and under plaintiff's name and address, has a header that reads as follows:

```
CREDITOR:  Synchrony Bank/'R' Us MasterCard
AMOUNT: $2863.52
ACCOUNT NO: ... 467-7
CLIENT ACCT #:************4571
```

June 2015 ltr. The next line reads "WE HAVE BEEN HIRED BY THE ABOVE REFERENCED CREDITOR FOR COLLECTION OF MONEY DUE." *Id.* It goes on to provide information including *inter alia,* a validation notice, some strictures of the FDCPA, and the possible consequences to plaintiff if a money judgment against her is obtained. The payment coupon on the bottom re-asserts a "BALANCE" of $2863.52; there is no mention of interest or fees.

On August 7, 2015, defendant sent a second letter which plaintiff received. Am. Compl., Ex. 1 (the "collection notice" or the "August 2015 letter"). Plaintiff's claims arise from statements made, or omitted, in this collection notice. It is also on CAC letterhead and contains identical header information as the June 2015 letter regarding the "Creditor, Amount, Account No., and Client Acct #." Despite the passage of two months, the balance amount of $2863.52 is unchanged from the June 2015 letter. The collection notice shows only a single balance and does not break that amount down further into principal, interest, and or late fees. There is no explicit language regarding whether interest and/or fees continue to accrue on the balance, and no indication that payment of the balance amount would satisfy the debt in full.

Plaintiff commenced this action by filing a complaint on March 25, 2016 and subsequently filed an amended complaint. Amended Complaint ("AC"), DE [19]. Plaintiff alleges that defendant violated §1692e, arguing that the August 2015 collection notice was deceptive and misleading. She asserts two theories of recovery. First, she argues that pursuant to the Second Circuit's decision in *Avila v. Riexinger & Assocs., LLC,* 817 F.3d 72 (2d Cir. 2016), the FDCPA requires notification to the consumer of whether the balance due may increase due to interest or fees. She further argues that the letter is deceptive as it "can be reasonably read to have two or more different meanings, one of which is inaccurate." AC ¶18. She claims that the letter can be reasonably read to mean that the balance due: (1) "is static, *id.* ¶23; (2) "may increase due to interest or fees, *id.* ¶24; or (3) "may or may not increase due to interest or fees." *Id.* ¶25. In response, CAC states that it "does not include an amount for 'interest' or 'fees' in letters it[] sends on Sychrony Bank accounts as neither 'interest' nor 'fees' are sought by CAC from the accountholder. Therefore, the amount sought in the [June 2015]

Letter remained static and was not subject to change during the time CAC was collecting the debt." Morgan Decl., ¶6, DE [40].

## II. LEGAL STANDARDS

### A. Summary Judgment

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505 (1986). In determining a motion for summary judgment, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004). After the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts.... [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir.2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348 (1986)). In determining cross-motions for summary judgment, "[e]ach party's motion must be reviewed on its own merits, and the Court must draw all reasonable inferences against the party whose motion is under consideration." *Clear Channel Outdoor, Inc. v. City of New York*, 608 F.Supp.2d 477, 492 (S.D.N.Y.2009) (citing *Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir.2001)).

## B. The FDCPA

Under the FDCPA, a debt collector is prohibited from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. Among the enumerated prohibitions is a bar on false representations regarding the "character, amount, or legal status of any debt," §1692e (2)(A), and the "use of any false representation or deceptive means to collect or attempt to collect any debt." §1692e (10).

The Second Circuit has established two principles to assist courts in applying the statute. First, "because the FDCPA is primarily a consumer protection statute," its terms must be construed liberally to achieve its congressional purpose. *Avila*, 817 F.3d at 75 (internal quotation and citations omitted). "That purpose is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Id.* (internal quotation and citation omitted).

The second principle in evaluating whether a collection letter violates the FDCPA is application of the "least sophisticated consumer" standard that instructs the court to ask how the least sophisticated consumer would understand the collection notice. *Avila*, 817 F.3d at 75. The least sophisticated consumer is "'one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer.'" *Id.* (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996)); he or she is, however, "neither irrational nor a dolt." *Russell*, 74 F.3d at 34. Indeed, the Second Circuit "has been careful not to conflate lack of sophistication with unreasonableness." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010); *see also McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 190–91 (2d Cir. 2002) (noting that the Second Circuit has "made clear that in crafting a norm that protects the naive and the

5

credulous the courts have carefully preserved the concept of reasonableness." (internal quotation and citation omitted)). As a result, "the FDCPA does not aid plaintiffs whose claims are based on 'bizarre or idiosyncratic interpretations of collection notices.'" *Jacobson v. Healthcare Fin. Servs. Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993)). "Under this standard, a collection notice can be misleading if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Avila*, 817 F.3d at 75 (quoting *Clomon*, 988 F.2d at 1319). But "even the 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Clomon*, 988 F.2d at 1318-19.

The least sophisticated consumer standard is objective. As such, it "may be applied as a matter of law and thus is an appropriate issue for disposition on a motion for summary judgment." *Ramirez v. Verizon Commc'ns, Inc.*, No. 13 Civ. 6000, 2015 WL 917531, at *4 (S.D.N.Y. Feb. 27, 2015).

## III. DISCUSSION

A violation under the FDCPA requires that (1) the plaintiff be a "consumer" who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) the defendant collecting the debt must be considered a "debt collector," and (3) the defendant must have engaged in an act or omission in violation of the FDCPA's requirements. *See Scott v. Greenberg*, No. 15-CV-05527, 2017 WL 1214441, at *4 (E.D.N.Y. Mar. 31, 2017). Defendant has disputed that plaintiff is a consumer within the meaning of the statute, claiming to be "without knowledge or information sufficient to admit or deny" the fact set forth by plaintiff. Similarly, despite the clear statement in the collection letter that it is a "communication from a debt collector" in an "attempt to collect a debt," defendant has disputed plaintiff's statement that

6

it is a debt collector under the FDCPA. Derosa is a "natural person obligated or allegedly obligated to pay any debt," and thus clearly fits the definition of "consumer," 15 U.S.C. § 1692a(3). Defendant's own statements establish its role as a "debt collector." *See id.* § 1692a(6); The Court finds that plaintiff is a consumer, and defendant a debt collector, within the meaning of the statute, and turns to the question of whether the August 2015 collection notice violated §1692e.

The question raised here is straightforward, but has not yet been directly addressed by the Second Circuit: if a debt amount is static and not subject to increase through imposition of fees or accumulation of interest by the debt collector, must the collection notice affirmatively state as much for the debt collector to avoid liability under the FDCPA? Put differently, is the least sophisticated consumer confused by an unadorned statement of the actual balance owed?

Plaintiff first argues that a finding in her favor is required under *Avila*. In that case, the Second Circuit held that "Section 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees." *Avila*, 817 F.3d at 74. The Second Circuit later clarified its holding by finding a violation where the notice included a statement that interest "may include estimated fees and costs" without any further information on how to calculate such fees and costs and about whether those fees and costs were actually accruing. *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 216 (2d Cir. 2017) (finding a collection letter incomplete where it omitted, *inter alia,* "an explanation of any fees and interest that will cause the balance to increase."). In both of those cases, and in cases applying those rulings, the balance amount was subject to change through the addition of interest and/or fees. *See, e.g., Balke v. Alliance One Receivables Mgmt., Inc.*, 16-cv-5624, 2017 WL 2634653, at *5-6 (E.D.N.Y. June 19, 2017) (denying motion to dismiss where notice stated that

7

balance "may be periodically increased," but was supported only by vague references to "accrued interest or other charges").

Plaintiff argues that *Avila* is both controlling and analogous. It is neither. Clearly, *Avila* and its progeny require inclusion of explanatory language in a notice letter where the balance due is subject to increase through the accrual of interest or imposition of fees. Those cases do not, however, require a debt collector to advise a consumer that the balance may increase due to interest or fees where there is not a possibility of that occurring. Post-*Avila* cases addressing a static balance have found that a debt collector need not advise the consumer of the fact that the balance will not change. *See, e.g., Taylor v. Fin. Recovery Servs.*, -- F. Supp. 3d --, 16 Civ. 4685, 2017 WL 2198980, at *6 (S.D.N.Y. May 18, 2017) (distinguishing *Avila* where there was no evidence that payment of the stated balance would not satisfy the debt), *appeal docketed*, No. 17-1650 (2d Cir. 2017); *Dick v. Enhanced Recovery Co.*, 15-CV-2631, 2016 WL 5678556, at *5 (E.D.N.Y. Sept. 28, 2016) (noting that "there is no requirement that every statement in a debt collection notice include an extra assurance that the fact stated *will not* change in the future" (emphasis in original)). Indeed, language suggesting that the balance may increase where it will not could itself be misleading or confusing and thus arguably a violation of §1692e.

The Court turns to the question of whether faced with the collection notice in this case, the least sophisticated consumer would be misled by a balance stated without additional explanatory language. Applying this standard, the Court finds that the collection notice is not misleading or deceptive.

Far from being deceptive, the collection notice is straightforward. Both letters sent to plaintiff stated the identical amount due as the balance, and there is no evidence that the balance amount stated is factually inaccurate. The least sophisticated consumer would reasonably

8

believe that she needed to pay the balance indicated in the notice and not more, and this reasonable assumption that the balance stated was the balance due would be correct. *See Taylor,* 2017 WL 2198980, at *6 (the least sophisticated consumer "could reasonably take the language at face value as to the amount owed."). The least sophisticated consumer could not have been "misled" into paying the balance thinking that it was a payment in full when such a payment would, in fact, have satisfied the debt. As to the absence of language regarding interest, the least sophisticated consumer "might not understand or even consider the concept of interest and when it accrues." *Id.*

Plaintiff also argues that the notice violates §1692e because it is open to several "reasonable" interpretations by the least sophisticated consumer including that it demands an amount that is static, or that is subject to interest, or that is not subject to interest. The alternative interpretations offered by plaintiff are not reasonable, but rather are "the kind of 'bizarre or idiosyncratic' interpretation that a court must not adopt when considering debt collection language under the FDCPA." *Dick,* 2016 WL 5678556, at * 7 (emphasis in original) (quoting *Greco v. Trauner, Cohen & Thomas,* 412 F.3d 360, 363 (2d Cir. 2005)). "Only a consumer in search of an ambiguity, and not the least sophisticated consumer relevant here, would interpret the letters to mean that interest was accruing." *Taylor,* 2017 WL 2198980, at *6.

Plaintiff also argues that defendant failed to use the safe harbor language endorsed by the Second Circuit. That court held that a debt collector would not be subject to liability for failing to disclose a potential increase attributable to interest or fees if the collection notice either (1) "accurately informs the consumer that the amount of the debt stated in the letter will increase over time," or (2) "clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date." *Avila,* 817 F.3d at

77. Use of the safe harbor language is not required, but rather, when used appropriately, may insulate a debt collector from liability. As discussed above, use of safe harbor language regarding accrual of interest where none was accruing could itself be a violation of the FDCPA. While a clear statement that the balance owed would fully satisfy the debt might have saved this defendant from litigation, the absence of such language does not, in and of itself, constitute a violation of the FDCPA.

## IV. CONCLUSION

Defendant's motion for summary judgment, DE [39], is granted, and plaintiff's cross-motion for summary judgment, DE [31], is denied. The Clerk of the Court is directed to close the case.

SO ORDERED.

/s/ LEONARD D. WEXLER
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
September 29, 2017