**MANDATE**

17-3189
*Derosa v. CAC Financial Corp.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand eighteen.

Present:
> JOHN M. WALKER, JR.,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*.

_____

DARIAN DEROSA,

> *Plaintiff-Appellant*,

v.                                                                                                    17-3189

CAC FINANCIAL CORP.,

> *Defendant-Appellee*.

_____

For Plaintiff-Appellant:           DAVID M. BARSHAY, Barshay Sanders, PLLC, Garden City, NY.

For Defendant-Appellee:        RICHARD J. PERR, Fineman Krekstein & Harris, P.C., Philadelphia, PA.

Appeal from judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Darian Derosa ("Derosa") appeals from the district court's order granting summary judgment to Defendant-Appellee CAC Financial Corp. ("CAC") and denying her cross-motion for summary judgment. Derosa had opened a credit card account in 2010, falling behind on her payments in 2014. Some time later, the original creditor transferred or assigned the account to CAC, a debt-collection agency, to collect on the account. After CAC sent at least one letter to Derosa requesting that she get in touch with the agency to resolve the debt, Derosa sued CAC under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* She alleged that the letter constituted a "deceptive or misleading collection notice" because it listed an amount due but did not state whether interest and fees continued to accrue while the account was in collection. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review grants of summary judgment "*de novo*, construing the facts in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor." *Burns v. Martuscello*, 890 F.3d 77, 83 (2d Cir. 2018). Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Denials of summary judgment are also reviewed *de novo*. *B.C. v. Mount Vernon School District*, 837 F.3d 152, 157 (2d Cir. 2016).

In *Taylor v. Financial Recovery Services, Inc.*, 886 F.3d 212 (2d Cir. 2018), this Court was faced with the same question that we are faced with today: are collection notices that do not identify whether interest and fees are accruing a "per se violation" of the FDCPA? *Id.* at 214. *Taylor* answered that question in the negative: if a debt is *not* accruing interest and fees, "a

collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning" of the FDCPA. *Id.* at 215. The only issue in this case, then, is whether Derosa created a genuine dispute of material fact as to whether interest and fees continued to accrue on her account while CAC was responsible for collecting on the debt. We conclude that she did not.

CAC put forward evidence to support its motion for summary judgment and the fact that interest and fees were not accruing: a declaration by a person associated with CAC stating that the amount CAC sought to collect remained static, and two debt-collection letters, one of which Derosa acknowledges receiving, reflecting that the amount CAC sought to collect did not change from June to August. To defeat a properly supported summary judgment motion, the opposing party "must proffer admissible evidence that 'set[s] forth specific facts' showing a genuinely disputed factual issue that is material under the applicable legal principles." *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008) (quoting Fed. R. Civ. P. 56(e)). "A party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory, or based on speculation." *Id.* (citations omitted). To defeat CAC's summary judgment motion, Derosa had to present enough evidence that a rational finder of fact could find in her favor on the claim that CAC's collection letter was misleading because interest and fees continued to accrue on her debt. *See F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010).

Derosa adduced two pieces of evidence in support of her claim that the account continued to accrue interest and fees: (1) a personal declaration stating that her account had previously "accrued interest on any balances carried, and late fees on any late or missed payments"; and (2) a generic credit card agreement, which she alleged showed that the account would continue to

3

accrue interest and fees even in default. Neither piece of evidence establishes a genuine dispute of material fact. The fact that the account accrued interest and fees when being administered by the original creditor is not indicative of how the account would function when transferred to a debt-collection agency like CAC. It is thus speculative to claim that the underlying account would continue to accrue interest and fees when the account had been transferred or assigned to another party for collection. Speculation alone is not enough to defeat a motion for summary judgment. *See Major League Baseball*, 542 F.3d at 310.

*   *   *

We have considered Derosa's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit